IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC CRAFT, | ) | |
| Petitioner, | ) | Civil Action No. 12-141 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Sean J. McLaughlin |
| ROBERT MEEKS, | ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice.

**II.  REPORT**

Petitioner, Eric Craft, is a federal prisoner presently incarcerated at the Federal Correctional Institution at McKean, which is located within the Western District of Pennsylvania.  He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF Nos. 3, 10] in which he challenges the judgment of sentence imposed on May 8, 2003, by the U.S. District Court for the Middle District of Pennsylvania in United States v. Craft, No. 1:02-cr-11 (M.D. Pa.), upon his plea of guilty to the crime of causing the death of a person through use of a firearm in violation of 18 U.S.C. § 924(j). Craft claims that he is innocent.

**A.  Relevant Statutory Background**

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]"  Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v.

1

Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of habeas action is brought before the district court that sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his judgment of sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).

On rare occasions it is possible for federal prisoners to attack their convictions pursuant to § 2241, as opposed to § 2255. Section 2255, in what is commonly referred to as its "savings clause" or "safety valve," provides that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained if it appears that the applicant has failed to apply for relief by motion [to vacate sentence pursuant to § 2255], to the court which sentenced him, or that such court has denied him relief, *unless it appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" 28 U.S.C. § 2255(e) (emphasis added). Thus, a § 2241 petition attacking custody resulting from a federally-imposed sentence may be entertained if the petitioner establishes that the § 2255 remedy is "inadequate or ineffective."

2

The U.S. Court of Appeals for the Third Circuit has found the remedy under § 2255 to be inadequate or ineffective only in extremely limited circumstances. In the Third Circuit, the seminal case on the application of § 2255's "savings clause" is In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Dorsainvil was convicted, *inter alia*, of using a gun in connection with a drug crime. He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated a § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil filed an application with the Third Circuit Court in which he sought leave to file in the district court a second or successive § 2255 motion. The court denied his request because he did not come within the gatekeeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] However, the court concluded that Dorsainvil had established the inadequacy of § 2255 so as to bring his claim in a § 2241 petition:

> Dorsainvil argues that the safety-valve provision of § 2255 covers his situation because he seeks to challenge his conviction on a second § 2255 petition based on an intervening decision by the Supreme Court. A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "if [petitioner's] contention is well taken, then [his] conviction and punishment are

---

[1] Dorsainvil was barred from filing a second or successive § 2255 motion because he could not satisfy AEDPA's requirements for such a motion: *i.e.*, his application was not based on "newly discovered evidence," and the Supreme Court's decision in Bailey, which he was claiming decriminalized the conduct for which he had been convicted, did not constitute "a new rule of *constitutional law* . . . that was previously unavailable." Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

3

for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255." Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").

The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a violation of § 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in Davis, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

Dorsainvil, 119 F.3d at 250-51.

The Third Circuit Court subsequently described the narrow holding of Dorsainvil as follows: "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Trenkler v. Pugh, 83 F.App'x 468, 470 (3d Cir. 2003). It repeatedly has held that "[a] section 2255 motion is not 'inadequate or ineffective' merely because the petitioner cannot meet the stringent

4

gatekeeping requirements of section 2255 [and file another post-conviction motion in the district court where he was convicted and sentenced], Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002), or because the sentencing court does not grant relief[.]" David v. Grondolsky, 305 F.App'x 854, 855-56 (3d Cir. 2009) (per curiam) (citing Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538-39 (3d Cir. 2002)). See, e.g., Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."). It has stressed that it is the inefficacy of the remedy under § 2255, not the personal inability to use it, that is determinative, and a habeas corpus petition is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255. See, e.g., Cradle, 290 F.3d at 538-39.

**B.     Relevant Background**

The Third Circuit Court affirmed Craft's judgment of sentence on July 7, 2005. United States v. Craft, 139 F.App'x 372 (3d Cir. 2005). It summarized the facts of his criminal proceeding up to that point as follows:

> Upon finding the body of Lovelle Gamble shot in the back of the head, Harrisburg Police began an investigation into his death. The console of the vehicle he was in had been ripped from the floor, the glove compartment was open, and Gamble's pockets were turned inside-out. After dusting for fingerprints, police found three fingerprints belonging to Eric Craft. During the investigation, police learned from a confidential informant that Craft was a drug dealer from New Jersey who claimed to have shot Gamble and stolen money and drugs from a hidden compartment in Gamble's car.
>
> While the investigation into the Gamble murder was pending, Craft was indicted for numerous federal drug and gun related offenses.[1] At that point, agents interviewed Craft and he admitted to being present at the shooting of Gamble, but claimed Ernest Hedgespeth shot him. Craft failed a polygraph examination about who shot Gamble. Craft then claimed Jeffery Holland shot Gamble. Immediately before a second polygraph, Craft spoke with his attorney, and then informed investigators that he actually shot Gamble.

5

¹ Originally, Craft was indicted in a two count indictment and charged with making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6) and possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). While these charges were pending, the Government secured a 16-count superseding indictment that charged Craft with the following: conspiracy to distribute 50 or more grams of crack cocaine and 200 or more grams of heroin, in violation of 21 U.S.C. § 846; distribution of 50 or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A); distribution of 100 or more grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(a)(B); two counts of carrying or using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6); possession of firearms by an armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1); conspiracy to make false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 371; and seven additional counts of making false statements in connection with the acquisition of firearms, in violation of 18 U.S.C. § 922(a)(6).

Craft told investigators that he needed to make quick money so he agreed to participate in a robbery with Holland and Holland's brother Ricky. Holland then set up a meeting with Gamble, allegedly to buy crack cocaine. At the meeting, Jeffery Holland and Craft both ended up in the car, with Holland in the front and Craft in the back. The two then pulled out their guns and demanded Gamble's money and drugs while Ricky Holland approached the driver's side door. Following a struggle, Craft grabbed Gamble and shot him in the back of the head, killing him.

Craft then put on gloves, moved the body to the passenger's seat, and drove to another location. They then ripped open the console and stole the drugs and cash contained inside a hidden compartment. Craft then left the keys in the ignition, took $1,000 from the glove compartment, and tried to wipe away any fingerprints.

In exchange for pleading guilty to causing the death of a person through use of a firearm, the Government agreed to drop all charges pending under the 16-count indictment. Craft agreed that he would waive his right to an indictment by a grand jury and "plead guilty to a felony information which will be filed against the defendant." According to the agreement, the information was to charge Craft with "a violation of Title 18, United States Code, Section 924(j), (causing the death of another by use of a gun during a crime of violence or drug trafficking offense)." Section 924(j) of the United States Code provides:

A person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall --

> (1) if the killing is murder (as defined in section 1111), be punished by death or imprisonment for any term of years or life; and

6

> (2) if the killing is manslaughter (as defined in section 1112), be punished as provided in that section.

18 U.S.C. § 924(j).

> When the Government filed its superseding information, it charged that Craft did "through the use of said firearm, murder Lavelle Gamble a/k/a 'Boston.' All in violation of Title 18, United States Code, Section 924(j)." (emphasis added). This superseding information was filed on September 11, 2002. Craft entered his guilty plea the next day, September 12, 2002.

Id. at 373-74.

In his direct appeal, Craft argued that the Government breached the plea agreement. He also objected to his sentence under United States v. Booker, 543 U.S. 220 (2005). The Third Circuit Court determined that the former claim had no merit and the latter claim was waived. Id. at 374-75. The U.S. Supreme Court denied Craft's petition for a writ of *certiorari*.

On or around November 25, 2005, Craft filed with his sentencing court a motion to vacate his sentence under 28 U.S.C. § 2255. That court summarized his allegations as follows:

> First, trial counsel coerced Defendant into pleading guilty and into cooperating with the promise that he would be convicted of a lesser offense and his mother-in-law and wife would receive probation. Defendant was also told if he did not plead guilty, he and his family members would spend a very long time in prison. Second, trial counsel failed to object to the use at sentencing of incriminating statements Defendant had made even though in January 2002 the prosecutor had agreed in writing that any statements Defendant made while cooperating would not be used against him. Third, the plea was involuntary because Defendant pled guilty in return for a "lesser prison term." Fourth, trial counsel was ineffective in not being prepared to argue sentencing objections. Fifth, counsel was ineffective in not arguing the ambiguity of Defendant's plea; the written plea agreement required him to plead guilty to a violation of section 924(j) but the information charged him with a violation of section 924(j)(2), the part that incorporates manslaughter. Sixth, trial counsel was ineffective in not knowing the difference between section 924(j)(1) and 924(j)(2); they define the separate crimes of murder and manslaughter. Seventh, the record does not reveal whether the court gave notice that it was departing upward in its sentencing calculation.

United States v. Craft, 1:02-cr-11, 2006 WL 3831386, *1 (M.D. Pa. Dec. 28, 2006). On December 28, 2006, after presiding over a hearing on the matter, the sentencing court denied the § 2255 motion on the merits. Id. at 4-7.

On October 16, 2007, Craft filed with his sentencing court a petition in which he challenged his sentence on the basis that the sentencing guidelines and the input from the probation officer on the sentence violated the separation of powers in the Constitution. The sentencing court treated the petition as a second or successive § 2255 motion and dismissed it for lack of jurisdiction on October 23, 2007. United States v. Craft, No. 1:02-cr-11, 2007 WL 3124988 (M.D. Pa. Oct. 23, 2007).

On November 5, 2007, Craft filed another petition with his sentencing court, this time claiming that his right to a speedy trial had been violated. The court treated this filing as a second or successive motion under § 2255 and dismissed it for lack of jurisdiction. United States v. Craft, No. 1:02-cr-11, 2007 WL 3491286 (M.D. Pa. Nov. 13, 2007).

A few days earlier, on November 2, 2007, Craft had filed a petition with the U.S. District Court for the District of South Carolina, which was the district of his confinement at the time. That court construed the filing as a habeas petition pursuant to 28 U.S.C. § 2241. Craft v. Lamanna, No. 4:07-cv-3585, 2008 WL 1736834 at *1, n.2 (D.S.C. Apr. 15, 2008). As that court explained, this petition alleged that Craft was being wrongfully confined and that his due process rights were being violated by his continued confinement: "[s]pecifically, it appears that Petitioner believes that his federal conviction and sentence (which are the bases for his current federal confinement) resulted from an unconstitutional waiver of the speedy-trial rule." Id. at *1. The court dismissed the petition because Craft's claims were cognizable under § 2255 and not under § 2241 and he "has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective." Id. at *2.

8

In the meantime, Craft continued to file various post-conviction motions with his sentencing court, all of which were denied. Among these post-conviction submissions was a petition filed on August 3, 2009. Craft argued that the court did not have jurisdiction to adjudicate the criminal case against him because the statute under which he was convicted (18 U.S.C. § 924(j)) and the statute conferring subject matter jurisdiction on district courts to adjudicate federal criminal prosecutions (18 U.S.C. § 3231) were never properly enacted into law. In dismissing the case, the sentencing court explained that because Craft was attacking the validity of the conviction and sentence, his filing was a second or successive § 2255 motion and, therefore, must be dismissed for lack of jurisdiction. ECF No. 214 in Craft, No. 1:02-CR-011 (M.D. Pa.).

Craft also filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the South Carolina District Court in which he argued that "Public Law 80-772, codified at 18 U.S.C. § 3231, which confers jurisdiction on the district courts to adjudicate federal criminal actions, is unconstitutional." Craft v. Michell, No. 4:09-cv-1415, 2009 WL 2872824, *3 (D.S.C. Sept. 2, 2009). That court dismissed the petition because Craft's claims were cognizable under § 2255 and not under § 2241 and he failed to show that his was an exceptional case in which the § 2255 remedy is inadequate or ineffective. Id. at 1-5.

On January 25, 2010, Craft filed yet another motion with the sentencing court to vacate his conviction and sentence. In that motion, he asserted that the court "lacked jurisdiction to adjudicate the charge against him because the offense occurred outside the territorial and maritime jurisdiction of the United States and because the offense was first-degree murder, a state-law crime, not a federal one." United States v. Craft, No. 1:02-cr-11, 2010 WL 419443, *1 (M.D. Pa. Jan. 29, 2010). The sentencing court determined that the petition was an attack on his conviction and, as such, was a motion under

§ 2255. Because Craft already had filed a § 2255 motion, the court dismissed the petition for lack of jurisdiction. Id.

In the meantime, Craft had been transferred to FCI McKean and thus was in custody within the territorial boundaries of this federal district. He filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which argued that his sentence is illegal because 18 U.S.C. § 3231, which bestows jurisdiction over violations of federal crimes on the federal district courts, and Public Law 80-772, which enacted that legislation, are unconstitutional. On June 29, 2011, this Court dismissed the petition with prejudice under the abuse of the writ doctrine, described by the Supreme Court in McCleskey v. Zant, 499 U.S. 467, 491-92 (1991). See also Benchoff v. Colleran, 404 F.3d 812 (3d Cir. 2005); Zayas v. Immigration & Naturalization Serv., 311 F.3d 247 (3d Cir. 2002). See ECF Nos. 20 & 21 in Craft v. Ebbert, 1:09-cv-290 (W.D. Pa.). This Court also held that the petition was subject to dismissal under 28 U.S.C. § 2244(a), which provides: "No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255." See, e.g., Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam) (a petition for writ of habeas corpus filed under § 2241 should be dismissed if it raises issues that "either had been, or could have been, decided in" a previous habeas action.). Craft did not file an appeal with the Third Circuit Court.

After this Court dismissed his petition, Craft continued to file similar petitions with his sentencing court. On June 29, 2011, he filed another motion to vacate his conviction and sentence. The sentencing court denied it as a second or successive § 2255 motion. ECF Nos. 239 & 240 in Craft, No. 1:02-CR-011 (M.D. Pa.). The sentencing court dismissed similar motions for the same reason on

10

September 7, 2011, December 29, 2011, February 6, 2012, and June 11, 2012. ECF Nos. 252, 253, 261, 282 in Craft, No. 1:02-CR-011 (M.D. Pa.).

In or around July of 2012, Craft filed yet another § 2241 petition with the sentencing court in which he claimed that he was actually innocent. On August 24, 2012, the sentence courting issued a Memorandum denying Craft's petition, holding:

> Defendant, Eric Craft, has filed two motions (Docs. 283 and 284) pursuant to 28 U.S.C. § 2241 seeking his immediate release from confinement. Essentially, both motions argue that Defendant should be released because he is actually innocent of the crime of conviction, causing the death of another by use of a gun during a drug-trafficking offense, a violation of 18 U.S.C. § 924(j). He makes other claims as well. We will deny the motions for lack of jurisdiction because Defendant does not qualify to use section 2241 by way of the safety-valve provision of 28 U.S.C. § 2255. Additionally, Defendant cannot rely on the exception for actual innocence to present his claims, assuming it may be invoked here, because he has not attempted to show he is actually innocent of the charges the government dismissed in return for his plea of guilty to the section 924(j) offense.
> - - -
> In his 2241 motions, Defendant argues there is no factual basis for his conviction (and hence he is innocent) because there are no facts showing that he used the firearm during and in relation to the drug-trafficking offense charged in the superseding indictment, an offense charging him with distribution, and conspiracy to distribute, crack cocaine. He makes other claims: (1) section 924(j) does not set forth an offense; it merely provides additional punishment for an offense under 18 U.S.C. § 924(c)(1)(A); (2) he was never convicted of the offense of distribution under 21 U.S.C. § 841(a)(1); (3) the superseding information is deficient in failing to provide sufficient facts concerning the section 924(j) offense; and (4) his guilty plea was not knowing and intelligent because there was no factual basis for the plea.
>
> A challenge to a federal conviction and sentence must be by way of a motion under section 2255. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). However, as noted, Defendant has already had a 2255 motion adjudicated. Under section 2255's "gatekeeping" provision, § 2255(h), he thus cannot file another one unless he has the approval of the court of appeals. 28 U.S.C. § 2244(b)(3). Defendant asserts, however, that under section 2255's "safety valve" provision, § 2255(e), he can invoke section 2241 because he presents the same "exceptional circumstances" presented in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997), a person incarcerated for conduct that is not criminal. He also argues he can file a section 2241 petition because his innocence of his crime of conviction allows him to invoke the "fundamental miscarriage of justice" exception when section 2255's gatekeeping provision bars use of section 2255.

11

>    Defendant cannot rely on Dorsainvil to pursue a 2241 motion. That case is distinguishable. In Dorsainvil, the Third Circuit allowed a defendant to use section 2241 to present a claim that he was factually innocent of the offense of conviction after the defendant had filed a 2255 motion. However, the claim was based on an intervening change in the law (a change after the 2255 motion had been adjudicated) that made the conduct for which the defendant was convicted no longer criminal. In those circumstances, a section 2241 petition was proper under the safety-valve provision because the gatekeeping provision had made section 2255 inadequate or ineffective. Id. at 251-52. Here, there is no intervening change in the law.[3]
>
> > [3] Defendant also argues that there was an intervening change in the law, but does not say what that change was, or cite any case that effected that change.
>
>    Defendant also argues that because he is actually innocent of the section 924(j) offense, he may present his claims by way of section 2241 even though he may have procedurally defaulted them by failing to raise them earlier.
>
>    Procedural default can be excused if a defendant shows actual innocence. United States v. Garth, 188 F.3d 99, 107 (3d Cir. 1999). Defendant has the burden of showing his actual innocence not only on the offense of conviction but also on any "'more serious charges' dismissed in the plea bargaining process." United States v. Lloyd, 188 F.3d 184, 188-89 (3d Cir. 1999) (quoting Bousley v. United States, 523 U.S. 614, 624, 118 S.Ct. 1604, 1612, 140 L.Ed.2d 828 (1998)).
>
>    In the instant case, Defendant concentrates solely on the offense of conviction, apparently because that was the only offense charged in the superseding information. However, as noted, the government agreed to dismiss the sixteen counts in the superseding indictment in return for the guilty plea to the section 924(j) offense. These counts were more serious charges. On the section 924(j) offense, Defendant had a sentencing guideline range of 360 months (thirty years) to life. On the dismissed counts, had he been convicted of counts I through III and VI through XVI of the superseding indictment, the guideline range would have been the same, but a conviction on count IV of the superseding indictment would have added a mandatory five-year consecutive sentence and on count V a mandatory twenty-five year consecutive sentence "for a total sentence of at least sixty years." (PSR ¶ 86). Lloyd, supra, 188 F.3d at 189 n.13 (determining the more serious charges by "the actual penalty prospectively assessed … for each count" as calculated under the sentencing guidelines and set forth in the defendant's PSR) (emphasis in original).
>
>    Since Defendant has not shown that he is actually innocent of the more serious charges, we cannot reach the merits of his claims.

ECF No. 287 in Craft, No. 1:02-CR-011, slip op. at 1, 4-7 (M.D. Pa. Aug. 24, 2012) (additional footnotes omitted).

12

On November 29, 2012, the sentencing court denied a motion for reconsideration and another § 2241 motion filed by Craft in which he attempted to show his actual innocence on the dismissed charges. The court held:

> As noted in the August 24 memorandum, Defendant's argument is that we should entertain his challenges to his conviction, despite having already had a 28 U.S.C. § 2255 motion adjudicated, because he can show actual innocence of the crime he pled guilty to, causing the death of another by use of a gun during a drug-trafficking offense, a violation of 18 U.S.C. § 924(j). We rejected that position, concluding that it was not enough to show actual innocence of the offense of conviction but that Defendant also had to show actual innocence on any "'more serious charges' dismissed in the plea bargaining process." United States v. Lloyd, 188 F.3d 184, 188-89 (3d Cir. 1999) (quoting Bousley v. United States, 523 U.S. 614, 624, 118 S.Ct. 1604, 1612, 140 L.Ed.2d 828 (1998)). (Doc. 287, p. 6).
>
> Defendant fails to meet his burden because he has provided no evidence of actual innocence. See Doc. 297, pp. 15-23. He argues that the government failed to prove the dismissed charges. However, at this stage, it is his burden to show evidence of actual innocence, not the government's burden to present proof of guilt. He also argues that there is no evidence in the record supporting the dismissed offenses. However, since these charges were dismissed as part of the plea bargain, there would be no such evidence.
>
> As part of his agreement to plead guilty to the section 924(j) offense, the government had dismissed a sixteen-count superseding indictment against Defendant containing at least two more serious charges as defined in Lloyd, Counts IV and V. Defendant had the burden of showing his actual innocence not only on the offense of conviction but also on these more serious charges, but he made no effort to show actual innocence on the latter charges.
>
> Defendant's third motion, an "application in the nature of actual innocence," which we will treat as a motion under section 2241, attempts to meet the burden of showing actual innocence on the dismissed charges. We have reviewed the motion and conclude that Defendant fails to meet his burden. The motion will therefore be dismissed for lack of jurisdiction.
>
> Defendant fails to meet his burden because he has provided no evidence of actual innocence. See Doc. 297, pp. 15-23. He argues that the government failed to prove the dismissed charges. However, at this stage, it is his burden to show evidence of actual innocence, not the government's burden to present proof of guilt. He also argues that there is no evidence in the record supporting the dismissed offenses. However, since these charges were dismissed as part of the plea bargain, there would be no such evidence.

13

      Defendant does make some specific allegations. Relevant to the drug trafficking conspiracy in Count I of the superseding indictment, Defendant alleges: "A rational trier of fact could not conclude that there was a conspiracy to possess and distribute cocaine, as a search of the home in which [the defendant Craft] were (sic) staying never revealed any cocaine, cash and no drugs. No rational trier of fact could conclude [defendant] knew of the conspiracy's objective and knowingly participated in it." (Doc. 297, p. 18). We reject this position. The mere fact that no drugs were found at the home where Defendant was staying does not establish innocence of the drug conspiracy offense.

      Defendant also alleges that an investigative report from the Bureau of Alcohol, Tobacco and Firearms stated the following in connection with Counts XI and XIII of the superseding indictment: "S/A Graybill showed Cammron (sic) and Smith two photographs of ERIC CRAFT. Cammoron (sic) and Smith stated that he was not the black male who accompanied BURNEY on both occasion[s] she went to Jim's Bait and Tackle shop." (Doc. 297, p. 20). This statement, even if an accurate quote from an investigative report, does not show actual innocence of Counts XI and XIII. The statement does not tell us who "Cammron" and Smith were nor does it negate other ways of proving the charges.

      Since Defendant has failed to show actual innocence of the dismissed charges, we will dismiss his "application in the nature of actual innocence," (Doc. 297), treated as a motion under section 2241, for lack of jurisdiction.

ECF No. 298 in <u>Craft</u>, No. 1:02-CR-011, slip op. at 2-5 (M.D. Pa. Nov. 29, 2012) (footnotes omitted) (bracketed text in original).

Craft filed an appeal of the sentencing court's decision. That appeal is still pending before the Third Circuit Court at <u>United States v. Craft</u>, No. 12-4492 (3d Cir.). He also filed with the Third Circuit Court a petition for a writ of mandamus to order the sentencing court to reconsider its dismissal of his actual innocence claim. On January 23, 2013, the Third Circuit Court denied the petition, explaining:

      [Since his initial § 2255 motion was denied] Craft has filed motions asserting that there is no factual basis for his conviction. In these motions, Craft asserts that he may present his claims through 28 U.S.C. § 2241 because he is actually innocent of the 18 U.S.C. § 924(j) offense. The District Court denied his motions on August 24, 2012, noting that Craft had not met his burden under <u>United States v. Lloyd</u>, 188 F .3d 184, 188-89 (3d Cir.1999), of showing his actual innocence not only on the offense of conviction but also on any more serious charges dismissed through the plea agreement. On October 22, 2012, the District Court denied Craft's motions for reconsideration of its August 12, 2012 order. On November 29, 2012, the District Court denied two motions for reconsideration of the October 22, 2012 order and dismissed a third motion asserting

14

actual innocence. On December 14, 2012, Craft filed the instant petition for a writ of mandamus seeking an order commanding the District Court to allow him to prove his actual innocence claim and reconsider his motions.

      Mandamus is a drastic remedy that is granted only in extraordinary cases. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It may be "used to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Id. (internal citation and quotation omitted). To demonstrate that mandamus is appropriate, a petitioner must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 130 S.Ct. 705, 710 (2010) (per curiam) (internal quotation marks and citation omitted).

      Here, Craft has failed to demonstrate that there are no other adequate means to attain his desired relief. Craft has already filed multiple motions asserting his innocence; however, the District Court has repeatedly determined that Craft has failed to demonstrate his actual innocence not only of the offense of conviction but also the more serious charges contained in the dismissed superseding indictment. Additionally, the District Court's docket reflects that on January 2, 2013, Craft filed a motion pursuant to Fed.R.Civ.P. 60(b) for relief from the District Court's orders of October 22, 2012 and November 29, 2012. Furthermore, Craft has appealed the District Court's November 29, 2012 order denying his latest motion asserting his actual innocence claim. That appeal is still pending before this Court and provides another avenue for Craft to attempt to attain his desired relief.

In re Craft, No. 12-4495, 2013 WL 240364, * 1-2 (3d Cir. Jan. 23, 2013).

### **C.**    **Discussion**

The petition for a writ of habeas corpus now pending before this Court should be dismissed because it is duplicative of the most recent habeas petitions that Craft has filed with his sentencing court, in which he also argued that he is actually innocent. As set forth above, that court rejected his contention that he should be permitted to challenge his judgment of sentence by way of a § 2241 petition because § 2255's remedy was inadequate or ineffective, and Craft's appeal of its decision is pending before the Third Circuit Court at United States v. Craft, No. 12-4492 (3d Cir.).

15

In addition, because Craft is seeking to challenge the validity of his judgment of sentence and he has pursued such a challenge numerous times before in unsuccessful habeas petitions that he has filed with his sentencing court and the District Court for the District of South Carolina, the instant petition amounts to an abuse of the writ, see McCleskey, *supra*, and is barred under 28 U.S.C. § 2244(a), see, e.g., Holland v. Holt, 461 F.App'x 198, 199 (3d Cir. 2012) (citing Queen, 530 F.3d at 255 for the proposition that "[t]here is no question that a district judge may dismiss a § 2241 petition challenging the execution of a sentence that raises issues that were, or could have been, decided in a previous habeas action.").[2]

Finally, apart from whether Craft's petition is an abuse of the writ, an improper petition pursuant to § 2244(a), or duplicative, it is apparent that his claims are not viable under § 2241 for all of the reasons identified by the sentencing court in rejecting his allegations of actual innocence in his previous § 2241 petitions. He does not articulate any persuasive reason for this Court to rule differently than his sentencing court. Craft has not shown that he can meet his burden of establishing his "actual innocence" by "demonstrate[ing] that, *in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him*" not only of the offense of conviction but also of the more serious charges dismissed through the plea agreement. Bousley, 523 U.S. at 623; Lloyd, 188 F.3d at 188-89. Additionally, he has not demonstrated that, at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the offense of conviction (or of any of the more serious charges dismissed through the plea agreement) and that, subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct at issue is now deemed not to be criminal. Dorsainvil, 119 F.3d at 250-51.

---

[2] Craft will have the opportunity to show, by way of Objections to this Report and Recommendation, why this case should not be dismissed as an abuse of the writ and/or under § 2244(a). However, to continue to pursue this action he also would have to show why this case should not be dismissed as duplicative and/or for failing to demonstrate that he could satisfy his burden of establishing his actual innocence.

16

### D. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, this Court makes no certificate of appealability determination in this matter.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed with prejudice. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 22, 2013

cc: The Honorable Sean J. McLaughlin
United States District Judge